Leonor Coyle, Esq.
Virginia & Ambinder, LLP
40 Broad, Seventh Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK-WHITE PLAINS

| | |
|---|---|
| ERIK MONTALVO,<br><br>Plaintiff,<br><br>- against -<br><br>WESTCHESTER PUPPIES & KITTENS, INC. and DEBORAH KOEHLER individually, and any other entities affiliated with or controlled by WESTCHESTER PUPPIES & KITTENS, INC. and DEBORAH KOEHLER,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Non Jury Trial** |

Plaintiff Erik Montalvo, by his attorneys Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § § 207, and 216(b), New York Labor Law (hereinafter N.Y. Lab. Law) §§ 198-1(d), 195, and 190 *et seq.*, N.Y. Lab. Law § 633, N.Y. Lab. Law § § 650 *et seq.*, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § § 146-1.2, 146-1.4, 146-1.6, and 146-2.2-2.3 to recover unpaid overtime compensation and damages arising out of Defendants' failure to provide wage statements and wage notices owed to Erik Montalvo (hereinafter "Plaintiff") by Westchester Puppies & Kittens, Inc. (hereinafter "WP&K") and Deborah Koehler individually (hereinafter collectively referred to as "Defendants").

2.      Defendants operate a pet shop specializing in the sale of dogs and cats, as well as pet supplies located at 26 South Central Avenue, Hartsdale, New York, 10530.

3.      Beginning in approximately August 2010 through July 29, 2016, Defendants have engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without providing overtime compensation, as required by applicable federal and state law.

4.      Beginning in approximately August 2010 through the July 29, 2016, Defendants have engaged in a policy and practice of failing to provide Plaintiff with wage statement and wage notices for each pay period worked as required by applicable state law.

5.      Under the direction of Deborah Koehler, and/or other shareholders, corporate officers, and/or directors associated with the Defendants, a practice was instituted of depriving Plaintiff of overtime compensation, as well as wage statements and paystubs for each pay period worked.

6.      Plaintiff his initiated this action seeking his earned but unpaid wages, specifically overtime compensation, and damages arising from Defendants' failure to provide wage statements and wage notices in Plaintiff's primary language, plus interest, damages, attorneys' fees, and costs.

**JURISDICTION**

7.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § § 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

**VENUE**

8.      Venue for this action in the Southern District of New York White Plains under 28

U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York – White Plains.

## THE PARTIES

9.      Plaintiff Erik Montalvo is an individual who resides in New York, and who worked for Defendants from approximately August, 2010 through July 29, 2016. Plaintiff worked as a dog keeper, sales clerk, and shop cleaner.

10.     Upon information and belief, Defendant WP&K is a corporation incorporated under the laws of the State of New York, with its principal place of business at 26 South Central Avenue, Hartsdale, New York 10530, and is engaged in the pet and pet supply sales business.

11.     Upon information and belief, Defendant Deborah Koehler is a  resident of 26 South Central Avenue, Hartsdale, New York 10530, and at all relevant times was and is,  an officer, general manager, director, president, vice president, and/or owner of WP&K.

## FACTS

12.     The Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 11 hereof.

13.     Upon information and belief, beginning in or about August, 2010, Defendants employed Erik Montalvo to perform work as a dog keeper, sales clerk, and cleaner at WP&K.

14.     Plaintiff Montalvo typically worked six days a week. His hours of work were as follow: Mondays, Tuesdays, and Thursdays from 7:00 a.m. until 9:00 or 10:00 p.m., Saturdays from approximately 9:30 a.m. until 8:00 p.m., and Sundays from 10:30 p.m. until 8:00 p.m. Plaintiff Montalvo did not receive a lunch break.

15.     While working for Defendants, Plaintiff Montalvo was paid a flat hourly rate of approximately $11.00 in cash for all hours worked including those over forty (40) worked each

week.

16.     Upon information and belief, under 29 U.S.C. § § 201 *et seq.*, and the cases interpreting the same, WP&K constitutes an "enterprises engaged in commerce."

17.     Upon information and belief, WP&K does more than $500,000.00 in annual volume of sales.

18.     The payments made to Plaintiff by Defendants constitute "wages," as that term is defined under Article 6 and Article 19 of the New York Labor Law.

19.     While working for Defendants, Plaintiff was regularly required to perform work for Defendants, without receiving overtime compensation, as required by applicable federal and state law.

20.     While working for Defendants, Plaintiff received his wages in cash and without a paystub for each pay period worked.

21.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

22.     Upon information and belief, at all relevant times to this action, Defendant Deborah Koehler was and is an officer, general manager, director, shareholder, and/or president or vice president of Defendant WP&K, and (i) had the power to hire and fire Plaintiff; (ii) supervised and controlled Plaintiff's work schedule or condition of employment; (iii) determined Plaintiff's rate and method of payment; and (iv) maintained Plaintiff's employment records.

23.     Upon information and belief, Defendant Deborah Koehler dominated the day-to-day operating decisions of Defendant WP&K, made major personnel decisions for WP&K, and had complete control of the alleged activities of WP&K, which give rise to the claims brought

herein.

24.     Upon information and belief, Defendant Deborah Koehler was a supervisor, officer and/or agent of WP&K, who acted directly or indirectly in the interest of WP&K, and is an employer within the meaning of the Fair Labor Standards Act. Deborah Koehler in her capacity as officer, director, shareholder, and/or president or vice president, actively participated in the unlawful method of payment for Plaintiff.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION

25.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 24 hereof.

26.     Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

27.     Defendants failed to pay Plaintiff overtime wages at the rate of one and one half times the regular rate of pay, for all hours worked after the first forty (40) hours in any given week, in violation of 29 U.S.C. § 207.

28.     The failure of Defendants to pay Plaintiff his rightfully owed overtime compensation was willful.

29.     By the foregoing reasons, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK OVERTIME COMPENSATION LAW

30.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 hereof.

31.     New York State law mandates that employers pay their employees one and one-half times the ordinary minimum wage rate for any hours over forty that they work per week. 12 NYCRR § 146-1.4.

32.     12 NYCRR § 146-1.4 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one half times the employee's regular rate for hours worked in excess of forty (40) hours in one workweek."

33.     Plaintiff regularly worked more than forty (40) hours a week while working for Defendants.

34.     Defendants failed to pay Plaintiff overtime wages for all hours worked over forty (40) in any given week, in violation of Title 12 NYCRR § 146-1.4 and N.Y. Lab. Law § 663.

35.     Upon information and belief, Defendants' failure to pay Plaintiff his earned overtime wages was willful.

36.     By the foregoing reasons, Defendants have violated Title 12 NYCRR § 146-1.4 and N.Y. Lab. Law § 663, and are liable to the Plaintiff in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

37.     Plaintiff repeat and re-alleges the allegations set forth in paragraphs 1 through 36 hereof.

38.     Pursuant to New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include:  the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

39.     According to New York Labor Law § 198-1(d), Plaintiff is entitled to $100 for every week in which he did not receive a pay stub.

40.     Plaintiff did not receive paystubs each week that he worked.

41.     By the foregoing reasons, Defendants have violated New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment:

(1)     on his first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus attorneys' fees and costs,

(2)     on his second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor Law sections;

(3)     on his third cause of action against Defendants in an amount to be determined at

trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited Labor

Law sections; and

(4)     such other and further relief the Court deems just and proper.


Dated: New York, New York
          August 16, 2016

                              VIRGINIA & AMBINDER, LLP


                              By:_____/s_____
                              Leonor Coyle, Esq.
                              40 Broad, Seventh Floor,
                              New York, New York 10004
                              Tel: 212-943-9080
                              Fax: 212-943-9082
                              lcoyle@vandallp.com
                              *Attorneys for Plaintiff*